UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WYTEIKA TILLMAN ET AL.                          CIVIL ACTION

VERSUS                                          NO. 15-4588

TERREBONNE PARISH SHERIFF                       SECTION "H" (2)
JERRY J. LARPENTER ET AL.

## ORDER AND REASONS ON MOTION

This is a civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendants, the sheriff of Terrebonne Parish and two of his named deputies, used excessive, deadly force against one minor victim and falsely arrested four others during a September 23, 2015 incident in Houma, Louisiana. The seven plaintiffs include the surviving parents and brother of Cameron Javon Tillman, who was killed during the incident, and the mothers of four minors who witnessed the incident and were arrested during it.

Defendants' Motion to Compel Discovery, Record Doc. No. 30, is currently pending before me. Plaintiffs filed an opposition memorandum. Record Doc. No. 32. Defendants were permitted to file a reply. Record Doc. Nos. 33-35. Having considered the written submissions of the parties, the record and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows.

Defendants seek additional responses to their interrogatories and requests for production served on all seven (7) plaintiffs on March 10, 2016. Plaintiffs failed to provide written responses to any of these discovery requests within the 30-day period to so do required by Fed. R. Civ. P. 33(b)(1)(2) and 34(b)(2)(A). The particular relief requested as

to each plaintiff is specified in an attachment to defendants' motion papers. Record Doc. No. 35 at p. 2, referring to Record Doc. No. 30-5 at pp. 10-22.

I note as an initial matter that failure timely to provide written answers to interrogatories waives all objections to the interrogatories, unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4). In addition, failure to provide specific written responses to requests for production within the time period established by Fed. R. Civ. P. 34(b) generally results in the waiver of objections to the requests. See Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) (party "waived any objection to production by failing to object when disclosure was due"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006); Brown-Stahlman v. Charter Trust Co., No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006); Banks v. Office of Senate Sgt.-at-Arms, 222 F.R.D. 7, 21 (D.D.C. 2004).

However, the court retains discretion to decline to compel discovery responses when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made. Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc., No.

2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); Lucero v. Martinez, No. 03-1128 JB/DJS, 2006 WL 1304945, at *2 (D.N.M. Mar. 11, 2006); Kolenc v. Bellizzi, No. 95 CIV. 4494, 1999 WL 92604, at *3 (S.D.N.Y. Feb. 22, 1999). In some instances noted below, I have exercised the court's discretion to find that certain objections have not been waived.

I also note that the "General Objections" robotically asserted in all plaintiffs' written responses are overruled. These kinds of objections only obfuscate and confuse defendants and the court concerning what objections plaintiffs are actually making, what information has been actually produced and whether a complete response has been made. "In every respect these objections are text-book examples of what federal courts have routinely deemed to be improper objections." St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 512 (N.D. Iowa 2000) (citing Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) (general objections not sufficiently specific to allow court to ascertain objectionable character of discovery request); Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 58 (D.D.C. 1984) ("General objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections.")); see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (The "party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.") (citation omitted).

I also find as an initial matter that the motion is granted in part in that none of the plaintiffs has provided defendants with the verification of all interrogatory answers, signed individually by plaintiffs under oath, required by Fed. R. Civ. P. 33(b)(1)(A), (3) and (5). The required sworn verifications must be provided.

The court addresses the motion's specific requests for relief as to each plaintiff separately as follows:

(1)     Wyteika Tillman

The motion is granted as to Interrogatory No. 9. This interrogatory is relevant to plaintiff's claim for general damages, including mental anguish, anxiety, pain and suffering. Record Doc. No. 1 (Complaint "Prayer" ¶'s (a), (d), (e) at p. 16). The current response vaguely provides that medical records will be provided. This response fails to comply with the specificity and "opportunity to examine" requirements of Fed. R. Civ. P. 33(d). This interrogatory must be answered fully and completely, in narrative form.

The motion is granted as to Requests for Production Nos. 4, 7, 9 and 11. All objections are overruled. "See attachment" and similar responses do not comply with Fed. R. Civ. P. 34(b)(2)(B) because they insure neither the requesting parties nor the court that all materials responsive to the requests in plaintiff's possession, custody or control are being produced.  In addition, according to the motion papers, even the allegedly attached materials have not actually been produced. Plaintiff must provide new written responses to these requests clearly stating either that all responsive materials in her possession,

custody or control have been produced, together with making actual production of all responsive materials, <u>or</u> that she has no responsive materials in her possession, custody or control.

The motion is granted in part as to Request No. 8 insofar as it relates to the decedent, Cameron Javon Tillman. It is denied insofar as it relates to other children because such birth certificates are irrelevant to any claim or defense.

The motion is denied as to Request No. 17. Plaintiff's driver's license is irrelevant to any claim or defense.

(2)   <u>Morrell Turner</u>

The motion is granted as to Interrogatory Nos. 16 and 21.  The current answers are incomplete in that they fail to respond entirely or directly to the questions. Fed. R. Civ. P. 37(a)(4). Full and complete answers must be provided.

The motion is granted as to Requests for Production Nos. 4, 7, 9, 11 and 18. All objections are overruled.  "See attachment" and similar responses do not comply with Fed. R. Civ. P. 34(b)(2)(B) because they insure neither the requesting parties nor the court that <u>all</u> materials responsive to the requests in plaintiff's possession, custody or control are being produced. In addition, according to the motion papers, even the allegedly attached materials have not actually been produced. Plaintiff must provide new written responses to these requests clearly stating either that <u>all</u> responsive materials in his possession, custody or control have been produced, together with making actual production of all

responsive materials, or that he has no responsive materials in his possession, custody or control.

The motion is granted as to Request for Production No. 14 and the requested authorization form must be signed and produced to defendants because plaintiff's medical records are relevant to his claim for general damages, including mental anguish, anxiety, pain and suffering. The motion is also granted as to Requests Nos. 15 and 16, and the requested authorization forms must be signed and produced to defendants because these materials are relevant to plaintiff's claim for "[l]oss of earnings and net accumulations." Record Doc. No. 1 (Complaint, "Prayer" ¶(c) at p. 16).

The motion is granted in part as to Request No. 8 insofar as it relates to the decedent, Cameron Javon Tillman. It is denied insofar as it relates to other children because such birth certificates are irrelevant to any claim or defense.

The motion is denied as to Request No. 17. Plaintiff's driver's license is irrelevant to any claim or defense.

(3)  Andre Tillman

The motion is granted as to Requests for Production Nos. 4, 7, 9 and 15. All objections are overruled. "See attachment" and similar responses do not comply with Fed. R. Civ. P. 34(b)(2)(B) because they insure neither the requesting parties nor the court that all materials responsive to the requests in plaintiff's possession, custody or control are being produced. In addition, according to the motion papers, even the allegedly attached

materials have not actually been produced. Plaintiff must provide new written responses to these requests clearly stating either that <u>all</u> responsive materials in his possession, custody or control have been produced, together with making actual production of the materials, <u>or</u> that he has no responsive materials in his possession, custody or control.

The motion is granted in part as to Request for Production No. 10 insofar as it relates to any subpoena in this matter already served. It is denied as speculative as to "any subpoena . . . to be served" and because no responsive production could possibly be made as to something that has not yet occurred.

The motion is granted as to Request for Production No. 12 and the requested authorization form must be signed and produced to defendants because plaintiff's medical records are relevant to his claim for general damages, including mental anguish, anxiety, pain and suffering.

The motion is denied as to Request Nos. 13 and 14. Plaintiff's driver's license and the identity of his father are irrelevant to any claim or defense.

(4)     <u>Yolanda Tillman</u>

The motion is denied as to Interrogatory No. 9. The question asks plaintiff to state "whether or not JT has been treated for any type of" specified conditions. Her answer "no" could not be clearer and is sufficient, as long as it is true and verified in the form required by Rule 33(b) and this order.

The motion is granted as to Requests for Production Nos. 4, 9 and 11. "See attachment" and similar responses do not comply with Fed. R. Civ. P. 34(b)(2)(B) because

they insure neither the requesting parties nor the court that <u>all</u> materials responsive to the requests in plaintiff's possession, custody or control are being produced. In addition, according to the motion papers, even the allegedly attached materials have not actually been produced. Plaintiff must provide new written responses to these requests clearly stating either that <u>all</u> responsive materials in her possession, custody or control have been produced, together with making actual production of all responsive materials, <u>or</u> that she has no responsive materials in her possession, custody or control.

The motion is denied as to Request for Production No. 7. All objections are sustained. The motion papers fail to explain how this material might be relevant to any claim or defense, and I cannot conceive how support provided to JT by a non-party or from any other source might be relevant in any way.

The motion is granted in part as to Request No. 8 insofar as it relates to JT, one of the minors who witnessed and was arrested as part of the incident. It is denied insofar as it relates to other children because such birth certificates are irrelevant to any claim or defense.

The motion is granted as to Request for Production No. 14 and the requested authorization form must be signed and produced to defendants because plaintiff's medical records are relevant to his claim for general damages, including mental anguish, anxiety, pain and suffering. The motion is also granted as to Requests Nos. 15 and 16, and the requested authorization forms must be signed and produced to defendants because these

materials are relevant to plaintiff's claim for "[l]oss of earnings and net accumulations." Record Doc. No. 1 (Complaint, "Prayer" ¶(c) at p. 16).

The motion is denied as to Request No. 17. Plaintiff's driver's license is irrelevant to any claim or defense.

(5)     Brenekie Thomas

The motion is denied as to Interrogatories Nos. 8 and 21. Plaintiff has provided sufficiently responsive information. The motion papers fail to explain, and I cannot conceive, how the detailed additional information requested in these questions about a non-party and child support for a minor as to whom no claim to recover such amounts seems to be asserted might be relevant.

The motion is granted as to Requests for Production Nos. 4, 9 and 11. All objections are overruled. "See attachment" and similar responses do not comply with Fed. R. Civ. P. 34(b)(2)(B) because they insure neither the requesting parties nor the court that <u>all</u> materials responsive to the requests in plaintiff's possession, custody or control are being produced. The response to Request No. 9 ["N/A"] is vague. If this means "not applicable" because this plaintiff had <u>no</u> medical bills incurred as a result of the shooting, the response must clearly state that plaintiff has <u>no</u> responsive materials in her possession, custody or control. In addition, according to the motion papers, even the allegedly attached materials have not actually been produced. Plaintiff must provide new written responses to these requests clearly stating either that <u>all</u> responsive materials in her possession, custody or

control have been produced, together with making actual production of all responsive materials, <u>or</u> that she has no responsive materials in her possession, custody or control.

The motion is denied as to Request for Production No. 7. All objections are sustained. The motion papers fail to explain how this material might be relevant to any claim or defense, and I cannot conceive how support provided to JWT by a non-party or from any other source might be relevant in any way.

The motion is granted in part as to Request No. 8 insofar as it relates to JWT, one of the minors who witnessed and was arrested as part of the incident. It is denied insofar as it relates to other children because such birth certificates are irrelevant to any claim or defense.

The motion is granted as to Request for Production No. 14 and the requested authorization form must be signed and produced to defendants because plaintiff's medical records are relevant to his claim for general damages, including mental anguish, anxiety, pain and suffering. The motion is also granted as to Requests Nos. 15 and 16, and the requested authorization forms must be signed and produced to defendants because these materials are relevant to plaintiff's claim for "[l]oss of earnings and net accumulations." Record Doc. No. 1 (Complaint, "Prayer" ¶(c) at p. 16).

The motion is denied as to Request No. 17. Plaintiff's driver's license is irrelevant to any claim or defense.

(6)	Shonell Thomas

The motion is denied as to Interrogatory No. 9. The question asks plaintiff to state "whether or not HW has been treated for any type of" specified conditions. Her answer "no" could not be clearer and is sufficient, as long as it is true and verified in the form required by Rule 33(b) and this order.

The motion is granted as to Requests for Production Nos. 4, 9 and 11. All objections are overruled. "See attachment" and similar responses do not comply with Fed. R. Civ. P. 34(b)(2)(B) because they insure neither the requesting parties nor the court that <u>all</u> materials responsive to the requests in plaintiff's possession, custody or control are being produced. In addition, according to the motion papers, even the allegedly attached materials have not actually been produced. Plaintiff must provide new written responses to these requests clearly stating either that <u>all</u> responsive materials in her possession, custody or control have been produced, together with making actual production of all responsive materials, <u>or</u> that she has no responsive materials in her possession, custody or control.

The motion is denied as to Request for Production No. 7. All objections are sustained. The motion papers fail to explain how this material might be relevant to any claim or defense, and I cannot conceive how support provided to HW by a non-party or from any other source might be relevant in any way.

The motion is granted in part as to Request No. 8 insofar as it relates to HW, one of the minors who witnessed and was arrested as part of the incident. It is denied insofar as

it relates to other children because such birth certificates are irrelevant to any claim or defense.

The motion is granted as to Request for Production No. 14 and the requested authorization form must be signed and produced to defendants because plaintiff's medical records are relevant to his claim for general damages, including mental anguish, anxiety, pain and suffering. The motion is also granted as to Requests Nos. 15 and 16, and the requested authorization forms must be signed and produced to defendants because these materials are relevant to plaintiff's claim for "[l]oss of earnings and net accumulations." Record Doc. No. 1 (Complaint, "Prayer" ¶(c) at p. 16).

The motion is denied as to Request No. 17. Plaintiff's driver's license is irrelevant to any claim or defense.

(7)     Tamika Payne

At the time of this writing, Tamika Payne has provided defendants with no responses whatsoever to their discovery requests. Accordingly, the motion is granted in that Tamika Payne is HEREBY ORDERED to respond to defendant's discovery requests fully and in writing, in accordance with Fed. R. Civ. P. 33 and 34, and to make all responsive documents available to defendant's counsel.

*     *     *     *     *

IT IS FURTHER ORDERED that all additional interrogatory answers, together with the verification signed under oath; all additional written responses to requests for production; and the actual production of all responsive materials, including the requested

signed authorization forms; that are the subject of this order must be provided by plaintiffs to defendants no later than **October 5, 2016**.

New Orleans, Louisiana, this ___21st___ day of September, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE