# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WYTEIKA TILLMAN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-4588** |
| **JERRY LARPENTER, ET AL** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss (Doc. 37). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

The incident that gives rise to this suit took place on September 23, 2015, in Houma, Louisiana. The Complaint alleges that decedent Cameron Tillman (son of Plaintiffs Wyteika Tillman and Morell Turner) was gathered with Plaintiffs Andrea Tillman, HW, JT, TP, and JWT at an abandoned house that they used as their "clubhouse." All of the above were teenagers at the time of the incident. Plaintiffs allege that after they were at the house for about 20 to 30 minutes, they heard three knocks at the side door. They aver that Cameron Tillman opened the door empty-handed and was shot by Terrebonne Parish Sheriff's Deputy Preston Norman. Cameron Tillman died of the gunshot

wounds while the other teenagers were held at gunpoint and removed from the house. Plaintiffs allege that Defendants failed to properly train and supervise their officers, leading to this deprivation of their constitutional rights. They bring actions for wrongful death, survival action, deprivation of rights to familial relationships, general negligence, assault and battery, police negligence, and negligent training, hiring, and supervision.

Defendants have filed the instant Motion to Dismiss, arguing that the Court should dismiss the emotional distress claims of plaintiffs HW, JT, TP, and JWT. Plaintiffs respond in opposition.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 667.
[5] *Id.*

will not suffice.⁶ Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.⁷

**LAW AND ANALYSIS**

In this Motion, Defendants argue that (1) the claims of HW, JT, TP, and JWT are not cognizable under state law as bystander claims and (2) that any of Plaintiffs' claims for emotional distress brought pursuant to 42 U.S.C. § 1983 should be dismissed because such damages are not recoverable under § 1983. The Court will address these arguments in turn.

**I. State Law Claims**

Defendants aver that any bystander claims for emotional damages or mental pain and suffering brought by HW, JT, TP, and JWT are prohibited under Louisiana Civil Code article 2315.6. Defendants' argument assumes that the sole predicate for Plaintiffs' emotional distress claims is the fact that they observed the shooting of Cameron Tillman. Plaintiffs respond, averring that they bring no such claims, instead bringing state law claims of excessive force, assault and battery, and negligence arising out of the conduct of the officers allegedly directed at them personally. Because Plaintiffs do not bring the claims challenged by Defendants, the Motion is moot with respect to Plaintiffs' state law claims.

**II. § 1983 Claims**

Defendants next argue that any claims for emotional damages under 42 U.S.C. § 1983 stemming from observing the shooting of Cameron Tillman are

---

⁶ *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
⁷ *Lormand*, 565 F.3d at 255–57.

3

precluded by Fifth Circuit precedent. In advancing this argument, they rely on the case of *Grandstaff v. City of Borger, Tex.*[8] There, the court set aside a damages award for emotional distress based on 42 U.S.C. § 1983 where the plaintiffs in question simply observed a violation of § 1983. The Court noted that "there is no constitutional right to be free from witnessing . . . police action."[9] Plaintiffs respond, arguing that unlike the Plaintiffs in *Grandstaff*, their claims are based on alleged violations of their own constitutional rights as participants in the events in question, not bystanders. Specifically, they point to the allegation that the officer in question shot at all the youths in the room, not just Cameron Tillman. They also allege that they were subsequently held at gunpoint. Under the facts as alleged, the Court agrees that *Grandstaff* is not controlling and that Plaintiffs' § 1983 claims should be preserved at this time.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**.

New Orleans, Louisiana this 22nd day of May, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[8] 767 F.2d 161, 172 (5th Cir. 1985).
[9] *Id.*