UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WYNEIKA TILLMAN ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-4588 |
| JERRY J. LARPENTER ET AL. | SECTION "A" (2) |

## ORDER AND REASONS ON MOTION

Defendants filed a Motion to Compel Discovery. Record Doc. No. 98. Plaintiffs were granted an extension of time until February 2, 2018, to file an opposition, Record Doc. No. 103, but did not file any opposition. IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART, as follows.

On one hand, the motion to compel and the discovery responses it seeks are untimely. On the other hand, in two respects, plaintiffs have failed to comply with the court's prior order or to supplement some responses as promised and required by Fed. R. Civ. P. 26(e)(1).

Where–as here–the court has entered a scheduling order setting a deadline, Record Doc. No. 18, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC, No. 3:12-CV-0548-D, 2014 WL 80722, at *2 (N.D. Tex. Jan. 9, 2014) (quotation omitted) (citing S&W Enters., L.L.C. v. SouthTrust

Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003)); accord Borden v. United States, 537 F. App'x 570, 574 (5th Cir. 2013) (citing Reliance Ins. Co. v. La. Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997); Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)). The good cause standard applies to discovery deadlines established by the court, Colonial Freight Sys., Inc. v. Adams & Reese, L.L.P., 542 F. App'x 142, 145 (5th Cir. 2013); Paz v. Brush Engineered Mat'ls, Inc., 555 F.3d 383, 390 (5th Cir. 2009), and "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" Puig v. Citibank, N.A., 514 F. App'x 483, 487-88 (5th Cir. 2013) (quoting S & W Enters., 315 F.3d at 535).

The deadline for completion of all discovery in this case was March 10, 2017. Record Doc. No. 18 at p. 2. It was extended to June 8, 2017, but only for three limited purposes that did not include the interrogatories and requests for production that are the subject of this motion. Record Doc. Nos. 49, 50. Motions were required to be filed no later than would permit hearing on July 12, 2017, thus requiring filing no later than June 25, 2017. Record Doc. No. 50; Local Rule 7.2. The court established these deadlines more than nine months ago, yet defendants did not file the instant motion until January 9, 2018, more than six months after the deadlines for discovery and motions expired. Although the presiding district judge on August 31, 2017 rescheduled the final pretrial conference and trial dates until March 14 and April 9, 2018, respectively, she did not extend the discovery or motions filing deadlines that had already lapsed. Record Doc. No. 96.

Evaluating the Rule 16 good cause factors weighs against permitting this late discovery and motion. Defendants provide no explanation for their delay. Diligent pursuit of supplemental responses to defendants' written discovery requests when initial responses are allegedly insufficient would have included filing a motion to compel or a motion to extend deadlines months ago, before the discovery and motions deadlines expired. Defendants state in their memorandum that plaintiffs provided "amended discovery responses" to their discovery requests in October 2016 (although no such amended responses are attached to the motion). However, defendants admit that they did not seek additional responses from plaintiffs' counsel until defendants took plaintiffs' depositions in March 2017 and that defendants did not follow up with plaintiffs' counsel in writing regarding supplemental responses until August 30, 2017. Record Doc. No. 98-1 at pp. 3-4.

The importance of further responses to defendants' discovery requests, including "all Facebook and/or other social media postings by any of the plaintiffs having to do with the shooting" at issue, id. at p. 3, appears minimal in light of plaintiffs' substantially compliant previous responses and their already completed depositions. For example, several of the subject responses state that plaintiffs have no responsive materials to produce. These responses are sufficient. The prejudice in permitting the discovery at this late date, more than six months after the deadlines for completing discovery and filing motions expired and with only five weeks remaining before the final pretrial conference, appears substantial when trial preparation activities should be the parties' focus. Whether a continuance is

available to cure the prejudice is a matter that defendants would have to direct to the presiding district judge.

Defendants argue that plaintiffs are in no position to oppose this motion because they waived their objections by their "failure to object or otherwise respond to the interrogatories and requests for production of documents." Id. at p. 5. This allegation is inaccurate. Plaintiffs' original responses confirm that they responded to all requests, including Interrogatory No. 6 and Requests for Production Nos. 2 and 13 regarding Facebook postings, with written answers and/or objections. Record Doc. No. 98-2, Defendants' Exh. 1 in globo.

Even if plaintiffs had failed to object, however, "the court retains discretion to decline to compel production . . . when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made." Meche v. Maint. Dredging, Inc., No. 10-3653, 2012 WL 519882, at *2 (E.D. La. Feb. 16, 2012) (citing Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc., No. 2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); Lucero v. Martinez, No. 03-1128, 2006 WL 1304945, at *2 (D.N.M. Mar.11, 2006); Kolenc v. Bellizzi, No. 95 CIV. 4494, 1999 WL 92604, at *3 (S.D.N.Y. Feb. 22, 1999); Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass 1988)); accord Wymore v. Nail, No. 5:14-CV-3493, 2016 WL 1452437, at *2 (W.D. La. Apr. 13, 2016); Schooler v. Wal-Mart Stores, Inc., No. 14-2799, 2015 WL 4879434, at *1 (E.D. La. Aug. 14, 2015); Wells Fargo Bank, N.A. v. Hazzan, No. 12-20154, 2012 WL 13014695, at *1 (S.D. Fla. July 17, 2012). This discretion should be exercised in a circumstance like

this one, in which the court is enforcing its own deadlines imposed in the interest of orderly and efficient case management and reining in excessive discovery. See Fed. R. Civ. P. 26(b)(2)(C) ("On motion <u>or on its own</u> the court must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, . . . (ii) the party seeking discovery has <u>had ample opportunity</u> to obtain the information by discovery in the action; <u>or</u> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).") (emphasis added).

Accordingly, the motion is denied as to most of the relief sought. However, the motion is granted in limited part as follows. No later than February 23, 2018, plaintiffs must provide defendants' counsel with the following: (1) as previously ordered, Record Doc. No. 36 at p. 4, and required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5), verifications under oath of any unverified interrogatory answers, which are <u>not</u> attached to any of the copies of answers to interrogatories provided to me, except those of Tamika Payne, whose verification has been provided; and (2) supplemental written responses and production of all responsive documents, if any, by each plaintiff who previously stated that he or she would try to locate materials responsive to defendants' Request for Production No. 2, and any and all other supplemental responses required pursuant to plaintiffs' continuing obligation to supplement under Fed. R. Civ. P. 26(e)(1).

The motion is denied insofar as it seeks an award of attorney's fees and other expenses incurred in connection with this motion. The motion has been granted in part and denied in part. Under these circumstances, I find that a reasonable apportionment of the

expenses incurred in connection with this motion is that both sides should bear their own costs. Fed. R. Civ. P. 37(a)(5)(B).

New Orleans, Louisiana, this \_\_\_\_7th\_\_\_\_ day of February, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE