# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WYTEIKA TILLMAN ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-4588** |
| **JERRY LARPENTER ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion in Limine to Exclude Expert Testimony (Doc. 78). This Court previously denied this Motion for the following reasons.

## BACKGROUND

This litigation arises out of an incident in which the decedent Cameron Tillman (son of Plaintiffs Wyteika Tillman and Morell Turner) was shot and killed by Terrebonne Parish Sheriff's Deputy Preston Norman. Defendants intend to introduce the expert testimony of Kerry Najolia on the topics of use of force, police policy, police procedure, police training, and police officer

survival/defensive tactics. Plaintiffs have filed the instant Motion seeking to exclude Najolia's expert testimony.

## **LEGAL STANDARD**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharms., Inc.*,[1] and *Kumho Tire Co. v. Carmichael*.[2] The threshold inquiry is whether the expert possesses the requisite qualifications to render an opinion on a particular subject matter.[3] Having defined the permissible scope of the expert's testimony, a court next inquires whether the opinions are reliable and relevant.[4] In undertaking this tripartite analysis, courts must give proper deference to the traditional adversary system

---

[1] 509 U.S. 579 (1993).
[2] 526 U.S. 137 (1999).
[3] Wagoner v. Exxon Mobil Corp., 813 F. Supp. 2d 771, 799 (E.D. La. 2011); *see also* Wilson v. Woods, 163 F.3d 935, 937 (5th Cir. 1999) ("A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject.").
[4] *See* United States v. Valencia, 600 F.3d 389, 424 (5th Cir. 2010).

and the role of the jury within that system.[5] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[6] As the "gatekeeper" of expert testimony, the trial court enjoys broad discretion in determining admissibility.[7]

## LAW AND ANALYSIS

Plaintiffs base their motion to exclude Najolia's testimony on two issues: (1) that his methodology is unreliable and (2) that his publications are "suspect."

First, Plaintiffs complain that Najolia's methodology is unreliable because he fails to distinguish between quantitative and qualitative analysis. This Court finds this criticism unavailing. Najolia's report and testimony indicate that he considered both qualitative and quantitative publications, as well as his own training, education, and experience, in developing his opinions. This methodology is sufficiently reliable to allow his testimony.

Second, Plaintiffs complain that Najolia's publication credits are "suspect," tending to show that he is unqualified. Plaintiffs contend that Najolia did not recall if his name was present on articles and manuals that he had co-authored. The Court finds that this minor issue, in light of the other information on his curriculum vitae, does not show that Najolia is unqualified and is best handled on cross-examination.

---

[5] *See Daubert*, 509 U.S. at 596.
[6] *Id.*
[7] Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 881 (5th Cir. 2013).

## CONCLUSION

For the foregoing reasons, this Motion was previously denied.

New Orleans, Louisiana this 7th day of March, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**